IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WARREN McELROY and GARY NEFF, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL NO. 05-174-GPM |
| | ) |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

In March 2005, Plaintiffs Warren McElroy and Gary Neff filed this action under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*, seeking damages for asbestos-related lung disease caused by exposure to asbestos and asbestos-containing materials during Plaintiffs' employment with Defendant Illinois Central Railroad Company. In March 2006, the case was transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1407 for coordinated and consolidated pretrial proceedings as part of MDL No. 875, *In re*: Asbestos Products Liability Litigation (No. VI). The MDL court severed Plaintiffs' claims and assigned each Plaintiff a separate case number, and Plaintiff McElroy and Plaintiff Neff each filed a first amended complaint. Recently, Plaintiffs advised the Judicial Panel on Multidistrict Litigation that coordinated or consolidated pretrial proceedings on their claims were complete; consequently, in June 2011, Plaintiffs' claims were remanded to this Court for further proceedings. Plaintiff Neff voluntarily dismissed his claim in August 2011. Plaintiff McElroy's claim is set for jury trial on

November 8, 2011. On September 6, 2011, the Court held a hearing on Defendant's motions to bar certain expert witnesses,[1] for summary judgment, and to compel. Having carefully considered the parties' papers and the arguments presented, the Court rules as follows.

Defendant moves to exclude evidence and testimony offered by Donald Breyer, M.D., and Christopher John, M.D. The standard applied to these motions is well-settled.

> Federal Rule of Evidence 702 allows an expert witness to testify about a relevant scientific issue in contention if his testimony is based on sufficient data and is the product of a reliable methodology correctly applied to the facts of the case. Under the *Daubert* framework, the district court is tasked with determining whether a given expert is qualified to testify in the case in question and whether his testimony is scientifically reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir. 1990). In determining reliability, *Daubert* sets forth the following non-exhaustive list of guideposts: (1) whether the scientific theory can be or has been tested; [(2)] whether the theory has been subjected to peer review and publication; and (3) whether the theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 594-94, 113 S. Ct. 2786. The court should also consider the proposed expert's full range of experience and training in the subject area, as well as the methodology used to arrive at a particular conclusion. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). [The district court is given] latitude in determining not only how to measure the reliability of the proposed expert testimony but also whether the testimony is, in fact, reliable, *Jenkins v. Bartlett*, 487 F.3d 482, 489 (7th Cir. 2007), but the court must provide more than just conclusory statements of admissibility or inadmissibility to show that it adequately performed its gatekeeping function. *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 608 (7th Cir. 2006). Determinations on admissibility should not supplant the adversarial process; "shaky" expert testimony may be admissible, assailable by its opponents through cross-examination. *See Daubert*, 509 U.S. at 596, 113 S. Ct. 2786.

*Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010).

---

[1] During the hearing, the Court denied as moot Defendant's motion to exclude evidence and testimony offered by R. Michael Kelly, M.D., because Dr. Kelly's report relates only to Plaintiff Neff, who was voluntarily dismissed.

Defendant does not challenge either Dr. Breyer's or Dr. John's qualifications; rather, it challenges their methodology. But properly considered, these motions simply go to the credibility of these retained experts. Both physicians are certified by an agency of the government as specialized readers of x-rays. Everyone agrees that all that is involved in reading an x-ray is placing it on the screen and reading it – that's it. Defendant complains that the physicians did not go the extra step to have their readings reviewed in a blind study by other experts. This goes to the reliability of the findings of the experts as opposed to the reliability of the interpretive methods used. The attack on Dr. John's methodology similarly goes to the reliability of his findings. He sufficiently supported his methodology during his deposition, and any attack thereon shall be the subject of cross-examination and argument. Defendant's motions to exclude (Docs. 67 and 97) are **denied**.

Defendant seeks summary judgment because a physician who examined and diagnosed Plaintiff McElroy with asbestosis is deceased and, therefore, Plaintiff McElroy cannot establish the existence of his alleged injury. Defendant conceded during the hearing that the success of this motion is contingent upon the Court barring Dr. John's testimony. As set forth above, the motion to exclude Dr. John is denied. The motion for summary judgment (Doc. 70) likewise is **denied**.

Defendant seeks additional discovery regarding Plaintiff's retained expert witness, Alvin Schonfeld, M.D. Federal Rule of Civil Procedure 26 contains the parameters for discovery of retained experts. *See* FED. R. CIV. P. 26(a)(2), (b)(4). The issues raised by Defendant go largely to credibility, and the Court is informed that this subject already was addressed by the MDL court. Moreover, Defendant's requested discovery is overly broad in that it involves literally hundreds of x-ray readings regarding other plaintiffs and potential plaintiffs. The only issue here is whether Dr.

Schonfeld's interpretation of Plaintiff McElroy's x-ray is accurate, and Defendant has not in any way limited the discovery requests to attack that interpretation.  Finally, Plaintiff correctly argues that this information should be obtained from Dr. Schonfeld, as a nonparty deponent, through use of a subpoena duces tecum.  Defendant's motion to compel (Doc. 94) is **denied** in its entirety.

**IT IS SO ORDERED.**

DATED:  09/13/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge